The Honorable Brian D. Lynch
Chapter 7
Location: Tacoma

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>CARRIE CHRISTMAN,<br><br>Debtor.<br><br>KATHRYN A. ELLIS, Trustee of the Estate of Carrie Christman,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL and JANE DOE CHRISTMAN, husband and wife and the marital community composed thereof,<br><br>Defendants. | No. 17-40092<br><br>Adv. No.<br><br>COMPLAINT FOR ORDER AUTHORIZING SALE OF INTEREST OF ESTATE AND CO-OWNER IN REAL PROPERTY |

COMES NOW the Plaintiff, Kathryn A. Ellis, the Chapter 7 Trustee in the above entitled estate, and states and alleges as follows:

**I. PARTIES AND JURISDICTION**

1. Plaintiff. Plaintiff is the duly appointed and acting Chapter 7 Trustee in the Chapter 7 Bankruptcy Petition of the debtor above named. The Trustee is authorized to bring this action pursuant to § 363 (h) of the Bankruptcy Code and does so solely in her capacity as Trustee for the estate of Carrie Christman.

2. Debtor. The debtor filed the present Chapter 7 Bankruptcy Petition on January 12, 2017.



KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

3. Defendant. Upon information and belief, Defendant Michael Christman ("Defendant"), is believed to reside in the State of Washington, County of Pierce.

4. This adversary proceeding is one arising in the Chapter 7 case of the above named debtor now pending in this Court. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. §§ 363. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A), (E), (N) and/or (O).

5. On or about February 7, 1997, the debtor and Defendant, as husband and wife, acquired the property located at 24314 43rd Ave E, Spanaway, WA (Pierce County APN 5001160080) by Statutory Warranty Deed. The property referred to above is hereinafter referred to as "The Property".

6. The debtor and Defendant were divorced on or about December 6, 2016 and since that time have lived separate and apart.

7. The estate of the debtor and Defendant hold an undivided interest in The Property.

8. The Property is reportedly encumbered by liens that exceed its value. Defendant consents to the sale, including the short sale, of The Property.

9. The Property is not capable of partition and partition is impracticable.

10. Sale of the bankruptcy estate's undivided interest in The Property would realize significantly less for the bankruptcy estate than would sale of The Property free and clear of the interest of Defendant.

11. The benefit of the bankruptcy estate of a sale of The Property free and clear of Defendant's interests outweighs the detriment, if any, to Defendant.

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

12. The Property is not used in the production, transmission or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

13. Plaintiff is therefore entitled to an order, pursuant to 11 U.S.C. § 363 (h), authorizing the sale of both the bankruptcy estate's interest and Defendant's interest in The Property.

14. The Court should determine the amount, if any, of Defendant's undivided interest.

WHEREFORE, Plaintiff prays for the following relief:

a) An order pursuant to 11 U.S.C. § 363 (h) authorizing the sale of The Property;

b) An order determining the amount, if any, of Defendant's undivided interest;

c) An order clearing title to The Property; and

d) Such other relief as the Court deems just and equitable.

DATED this 24th day of April, 2017.

/s/ Kathryn A. Ellis
Kathryn A. Ellis, Plaintiff

C:\Shared\KAE\Dox\TRUSTEE\CChristman\cmp\363\363h_cmp.wpd



KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002